The document below is hereby signed.

Signed: March 6, 2015



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL H. DIGNAN, | ) | Case No. 14-00467 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE
"MOTION TO VACATE CONSENT AGREEMENT GRANTING RELIEF
FROM AUTOMATIC STAY OR IN THE ALTERNATIVE ORDER THE
CONSENT AGREEMENT IS AN UNENFORCEABLE REAFFIRMATION AGREEMENT"

The debtor has filed a motion seeking to vacate the *Consent Order* granting relief from the automatic stay in favor of Marla Leftwich and The Glover Park Condominium Association, Inc., and seeks in the alternative the entry of an order declaring that the agreement embodied in the *Consent Order* is an unenforceable reaffirmation agreement.  The motion will be denied.

I

The debtor owned a unit in a four-unit condominium, which was subject to a single mortgage encumbering the entire condominium (with each unit owner responsible for one-fourth of the mortgage obligation).  In a civil action brought by Leftwich against the debtor and others in the Superior Court of the

District of Columbia, Leftwich obtained an order, titled *Omnibus Order*, which decreed that she "had attained the right of first refusal to purchase" the debtor's unit "for the amount of one-fourth (1/4) of the existing mortgage balance on the Condominium."  The *Omnibus Order* further:

    (1) provided that upon Leftwich's completing the purchase, the debtor would be divested of title to his unit, and Leftwich would be vested with title by recording the order in the District of Columbia Recorder of Deeds' land records;

    (2) directed Leftwich to notify the debtor "of the divestment of title and the recordation thereof;"

    (3) directed the debtor within thirty 30 days of written notice to him to vacate his unit;

    (4) directed that a failure to vacate would entitle Leftwich to the issuance of a writ of possession for the unit; and

    (5) directed that the debtor would be relieved of any further obligation to make pro rata payments for the existing mortgage on the condominium upon vacating his unit.

The debtor's motion acknowledges that Leftwich has refinanced the entire balance of the original mortgage on the condominium property.  She thus has divested the debtor of title.

After the debtor commenced his bankruptcy case, the parties

entered into the *Consent Order*, which directed in relevant part that the stay was modified to permit Leftwich and the condominium association to exercise their rights against the debtor's unit including taking all actions necessary to allow Leftwich to acquire title to and possession of the debtor's unit pursuant to the Superior Court's *Omnibus Order*, and then summarized the pertinent terms of the *Omnibus Order* recited above.

Although the *Omnibus Order* also granted Leftwich a monetary judgment against the debtor, the *Consent Order* modifying the automatic stay did not lift the automatic stay to permit enforcement of that monetary judgment.

II

The debtor contends that the *Consent Order* embodied an agreement that was a disguised reaffirmation agreement that failed to comply with 11 U.S.C. § 524(c).  Specifically, the *Consent Order* "reaffirmed" certain provisions of the Superior Court orders by allowing Leftwich the right of first refusal to purchase the debtor's unit for one-fourth of the outstanding mortgage amount.  *Motion* at ¶ 29.  In other words, the *Consent Order* "essentially reaffirmed the pre-petition debt owed to [Leftwich]" and "[t]he agreement is essentially [an] agreement to reaffirm and therefore must comply with the Bankruptcy Code to be enforceable."  *Motion* at ¶ 30.

However, what the *Consent Order* "reaffirmed" was not a debt

obligation but instead the existence of the right of first refusal, which is not a debt but instead a right in property. Acknowledging the existence of that right in property of the debtor is not the reaffirming of a debt. Accordingly, the provisions of 11 U.S.C. § 524(c) do not apply to the agreement embodied in the *Consent Order*.

Section 524(c) applies only to "[an] agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title," and, as 11 U.S.C. § 524(k)(3)(A) makes clear, such a reaffirmation agreement is one "agreeing to reaffirm a debt." Section 524(c) has nothing to do with an agreement acknowledging the existence of a right of first refusal to acquire property of the debtor. Accordingly, contrary to the debtor's contention, the *Consent Order* did not embody a disguised reaffirmation agreement.

The debtor's motion makes the point that the right of first refusal was not secured against the unit and was not filed with the Recorder of Deeds, but that has nothing to do with whether the right of first refusal was a debt that would become subject to the discharge injunction and that could be reaffirmed only in accordance with the procedures of 11 U.S.C. § 524(c).

The *Consent Order* mentioned that under the *Omnibus Order* the "Debtor shall be relieved of any further obligation to make pro

4

rata payments for the existing mortgage on the property upon vacating the Unit[.]" The *Consent Order*'s acknowledgment of the existence of that latter provision cannot be read as altering the discharge injunction as to the debtor's mortgage debt. It was merely an acknowledgment of the alteration by the *Omnibus Order* of the debtor's nonbankruptcy law obligation (an obligation which had existed, *in favor of his fellow condominium unit owners*, to pay his share of the mortgage). The alteration eliminated an obligation of the debtor and was thus an alteration *in favor of the debtor*. The acknowledgment of that alteration was nothing more than an acknowledgment that this alteration (in favor of the debtor) would persist even if the debtor were denied a discharge. It was not meant to imply that the debtor's past obligations to make pro rata payments on the mortgage for monthly payments that accrued before he vacated the Unit (obligations which arguably were not eliminated by the *Omnibus Order* language) would continue in force if the debtor were granted a discharge. In short, it was not an attempt to reaffirm a debt.

                              III

An order follows that denies the debtor's motion.

                                        [Signed and dated above.]

Copies to: Recipients of e-notification.